IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, vs. JEFFREY JAMES ARGUELLO, Defendants. | **MEMORANDUM DECISION AND ORDER** Case No. 1:17-cr-038 Judge Clark Waddoups |
|---|---|

Defendant Jeffrey James Arguello has filed a Motion to Modify his Sentence. At the time Mr. Arguello appeared before this court, he also had a proceeding before a state court. Mr. Arguello asks this court to modify its judgment to run concurrent with the time he served in state custody. The court concludes, however, that it lacks jurisdiction to rule on the merits and therefore dismisses Mr. Arguello's motion (ECF No. 32).

## FACTUAL BACKGROUND

On August 2, 2014, police officers lawfully entered a home and observed Mr. Arguello "reach underneath a chair [he] was sitting on." Statement in Advance of Plea, ¶ 11 (ECF No. 19). After securing the home and obtaining a search warrant, officers searched the home and found "a loaded Ruger LCP .380 pistol where" Mr. Arguello had reached while sitting on the chair. *Id.* Almost three years later, on April 24, 2017, "[t]he Utah State Crime Lab obtained a mixed DNA profile from the Ruger LCP and reported that [Mr. Arguello's] DNA profile could not be excluded

as a contributor to the sample." *Id.* There also were additional witnesses who reported he had possessed the firearm. *Id.* Mr. Arguello was then indicted on June 21, 2017, on the ground he was a felon in possession of a firearm during the events that happened about three years earlier. Indictment (ECF No. 1).

At the time of his indictment, Mr. Arguello was in state custody. He had been charged for fleeing in a vehicle from officers on April 21, 2017. He was located and arrested on June 10, 2017, and bail was denied. Mr. Arguello elected to remain in state custody when he was arraigned on his federal charge about a month later. Waiver of Rights Under Interstate Agreement of Detainers (ECF Nos. 6, 10).

On January 8, 2018, Mr. Arguello pled guilty to the federal charge. Minute Entry & Plea Agreement (ECF Nos. 18, 19). He was sentenced on March 19, 2018. At the time of his sentencing, Mr. Arguello faced a state parole violation and had trial scheduled in state court on April 4, 2018, to address the charges against him for fleeing in a vehicle from officers. Defendant represented at the sentencing hearing that he anticipated a favorable result, and if it was favorable, then the nine months he had spent in state prison would be for naught. Sentencing Hearing Tr., at 5 (ECF No. 33). He therefore requested that the nine months he spent in state custody be credited against his federal sentence. The government agreed with that recommendation based on Mr. Arguello's plea agreement. *Id.* at 5–6. The sentencing guideline range was 30 to 37 months. Taking into account the nine months Mr. Arguello had served in state custody, and the delay between the crime at issue and the Indictment, the court sentenced him to 21-months imprisonment. Judgement, at 2 (ECF No. 29). Thus, even though Mr. Arguello elected to remain in state custody, he was given credit against his federal sentence for that time.

Subsequently, Mr. Arguello's state jury trial was reset and started on May 10, 2018. On May 11, 2018, the jury returned a guilty verdict on two counts for failing to stop or respond at the command of police and failing to stop at the command of law enforcement. On the first count, Mr. Arguello was "sentenced to an indeterminate term . . . not to exceed five years in the Utah State Prison." Minute Entry (May 11, 2018), Case No. 171901274, Second Dist. Ct., Weber Cty., State of Utah. On the related second count, he was "sentenced to an indeterminate term . . . not to exceed one year in the Utah State Prison." *Id.* He then was remanded to the custody of the Weber County Sheriff "for transportation to the Utah State Prison." *Id.* The State court ordered that the state counts "run concurrent with each other," but consecutive to another state prison sentence. *Id.* The court did not order "as to how the federal sentence shall run." *Id.*

Following his time in state custody, Mr. Arguello started serving his federal sentence. His expected release date is September 8, 2020. Mr. Arguello contends he is doing more time for the crime because his federal sentence did not run concurrently with his state sentence. Motion to Modify, at 1–2 (ECF No. 32). He asks the court to modify his sentence to run concurrently so he may be released. *Id.*

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). The Tenth Circuit has noted the need to be "mindful of Congress's directive that sentence modifications are to be the exception, not the rule." *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014). It therefore "is well-settled that a district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *Id.*

(quotations, citation, and alteration omitted). This means unless "one of a few narrowly-defined statutory exceptions" is met, "federal courts generally lack jurisdiction to modify a" sentence. *Id.* (quotations, citation, and alteration omitted).

In *United States v. Johnson*, a defendant "moved for a *nunc pro tunc* ruling that would retroactively make her federal sentence run concurrently with her Texas and Oklahoma state sentences." *Johnson*, 766 F. App'x 648, 649 (10th Cir. 2019). Through a complicated set of circumstances involving the interplay between state and federal sentences and a detainer, the defendant asserted "that the delay in the detainer extended her time of incarceration by almost two years." *Id.* She therefore asked for her federal sentence to be modified to run concurrently. *Id.*

The Tenth Circuit started its analysis "by considering whether Congress has expressly granted jurisdiction to the district court to modify" a sentence on the grounds asserted. *Id.* at 649–50. It found the defendant did not meet any of the conditions stated under 18 U.S.C. § 3582(b). It noted that while a court does have authority "to run a sentence concurrently with an anticipated sentence," such authority must be done at the time of the initial sentencing. *Id.* at 650 (distinguishing *Setser v. United States*, 566 U.S. 231 (2012)). Although *Johnson* is an unpublished decision, the court finds it reasoning persuasive as to this court's jurisdiction.

The court has reviewed the facts of this case to determine whether any of the factors listed under 18 U.S.C. § 3582(b) apply. Similar to the *Johnson* court, this court concludes none of the factors have been satisfied. Although Mr. Arguello is correct that there was a significant delay between committing the crime at issue in this case and his Indictment, the court already took that factor into consideration during sentencing. The court also took other mitigating factors into consideration. Moreover, the court credited the time Mr. Arguello served in state custody, as

though he had been in federal custody. He therefore suffered no detriment by electing to remain in state custody during the pendency of this case. Following his federal sentencing, a jury found Mr. Arguello guilty for fleeing from an officer. That crime was committed about three years after the crime at issue in this case. Due to the lack of correlation between the two crimes, the court cannot say it is inappropriate for the two sentences to run consecutively. More significantly, however, the court has found no basis on which to conclude it has jurisdiction to modify Mr. Arguello's sentence to run concurrently. Thus, even if the court determined such a sentence were appropriate, the court lacks authority to modify the sentence now. The court therefore dismisses this motion for lack of jurisdiction (ECF No. 32).

DATED this 15th day of October, 2019.

BY THE COURT:

_____
Clark Waddoups
United States District Court